IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYDS OF LONDON SYNDICATE 2003,

    Plaintiff,

v.

FIREMAN'S FUND INSURANCE COMPANY OF OHIO,

    Defendant.

Case No. 15-CV-2681-DDC-GLR

## MEMORANDUM AND ORDER

This diversity action is an insurance coverage dispute between two insurers of a mutual insured. Plaintiff asserts that defendant must reimburse it for payments that plaintiff previously made to the insured and payments that plaintiff must pay to the insured under a judgment in another civil lawsuit. Plaintiff bases its claim on the theory that insurance coverage properly lies with defendant. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201(a) and damages in the amount of $1,875,668.84. *See* Doc. 71 at 12–13 (Pretrial Order Part 3(a)).

The parties have filed cross motions for summary judgment. Docs. 72, 74. To support its summary judgment motion, defendant has submitted a four-page Affidavit of Sally Combs. Doc. 73-2. Ms. Combs identifies herself as defendant's Manager of Third Party Administrator Oversight for North America. *Id.* ¶ 1. Ms. Combs asserts that defendant has authorized her to speak on its behalf for purposes of its summary judgment motion. *Id.* ¶ 2. She also asserts that she is familiar with the claims asserted against the parties' mutual insured and describes her involvement in the coverage determination. *See id.* ¶ 4; *see also id. generally*.

Plaintiff has filed a Motion to Strike the Affidavit of Sally Combs. Doc. 28. Plaintiff concedes that defendant identified Ms. Combs in its Rule 26 initial disclosures. But, plaintiff asserts, it never deposed Ms. Combs because defense counsel misrepresented the extent of Ms. Combs' involvement in the underlying insurance claims. Based on defense counsel's statements that she was "not sure" that Ms. Combs "will have any information that would be helpful . . . because she wasn't involved in the underlying claim," plaintiff believed that deposing Ms. Combs was an unnecessary use of the parties' time and resources. Doc. 80-2 at 1; *see also* Doc. 80-3 (stating, again, in a separate correspondence that Ms. Combs "was not involved in the underlying claim, she is simply my current client contact; I don't believe her deposition would be productive"). And, so, plaintiff never noticed Ms. Combs for deposition.

Plaintiff asserts that Ms. Comb's Affidavit contains statements that contradict defense counsel's representations about her lack of involvement in the matter. Plaintiff complains that it was denied the opportunity to depose Ms. Combs about her knowledge of the underlying insurance claim and to test the validity and credibility of the statements made in her Affidavit. Plaintiff thus asks the court to strike her Affidavit under Fed. R. Civ. P. 12(f) because, plaintiff contends, the Affidavit contains immaterial and impertinent information. Alternatively, plaintiff asserts that the Affidavit contains inadmissible hearsay and improper legal conclusions that the court cannot consider on summary judgment. And, as a final alternative argument, plaintiff seeks leave to depose Ms. Combs before the court rules on either of the parties' pending summary judgment motion.

Defendant opposes plaintiff's Motion to Strike. Doc. 82. Defendant asserts that Rule 12(f) is not the proper procedural vehicle for a request to strike the Affidavit. Defendant argues that Rule 12(f) allows the court to strike "pleadings" and an affidavit submitted in support of a

motion is not a pleading. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added)); *see also* Fed. R. Civ. P. 7(a) (listing the types of pleadings that are allowed: a complaint; a third-party complaint; answers to a complaint, a counterclaim, a crossclaim, or a third-party complaint; and a reply to the answer if the court orders one). Defendant also argues that the information contained in the Affidavit is relevant and material, and thus the court should not strike it under Rule 12(f).

Defendant's motion never disputes defense counsel's representations about Ms. Combs' involvement. Instead, defendant takes the position—as did its counsel—that Ms. Combs' handling of the underlying claims was minimal. Defendant contends that plaintiff's motion misunderstands the role of Ms. Combs. But defendant also states that "defense counsel did not intend to mislead plaintiff's counsel regarding Ms. Combs or any information she might yield through testimony or via affidavit or to do anything to impede [plaintiff] from deposing her prior to the close of discovery." Doc. 82 at 5. Defendant asks the court, should it concluded that defense counsel's representations inflicted prejudice on plaintiff, to postpone ruling on the summary judgment motions. *Id.* Instead of striking Ms. Combs' Affidavit, defendant promises to produce Ms. Combs for deposition and asks the court to allow the parties to submit supplemental summary judgment briefing to address any issues presented by that deposition.

After reviewing the summary judgment record and the materials submitted supporting and opposing plaintiff's motion to strike, the court concludes, in its discretion, that plaintiff should have an opportunity to depose Ms. Combs before the court decides the pending summary judgment motions. Plaintiff asserts that it never deposed Ms. Combs because it relied on defense counsel's representations that she was not involved in handling the underlying insurance claims.

3

But, on summary judgment, defendant has submitted an Affidavit in which Ms. Combs states that she is familiar with the underlying insurance claims and describes her involvement in the coverage determination.  The court does not want to discourage informal communications between counsel that are intended to reduce the cost of litigating disputes.  But when those procedural communications produce a genuine, good faith misunderstanding, the court should support remediation that will not impair the substance of the parties' claims and defenses.  The court thus concludes that plaintiff should have the opportunity to question Ms. Combs about her knowledge of the facts in this case before the court rules the dispositive motions.

The court thus denies plaintiff's Motion to Strike the Affidavit of Sally Combs.  The court also vacates the June 6, 2017 trial date and establishes a supplemental briefing schedule below.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Strike the Affidavit of Sally Combs (Doc. 78) is denied.

**IT IS FURTHER ORDERED THAT** the court will postpone ruling on the pending summary judgment motions until after plaintiff has deposed Ms. Combs and submitted supplemental briefing.  The court vacates the June 6, 2017 trial date.

**IT IS FURTHER ORDERED THAT** defendant must produce Ms. Combs for deposition within 30 days of the date of this Order.  To the extent necessary, the parties may file supplemental summary judgment briefing to address issues presented by Ms. Combs' deposition.  The parties must order an expedited deposition transcript and must file their supplemental summary judgment briefs within 14 days of receipt of that transcript.  The supplemental briefs may not exceed 10 pages, unless the parties seek and obtain leave of court.  The parties must submit any responses to the supplemental briefs within 14 days of the filing of the supplemental

briefs.  Responses may not exceed 10 pages, unless the parties seek and obtain leave of court.  No replies are allowed unless the parties seek and obtain leave of court.

Finally, the court directs counsel to communicate about a new date for the trial.  Within 14 days of this Order, the parties must file a Joint Notice of Suggested Trial Dates.  The proposed trial date(s) shall be at least four months after the last supplemental summary judgment filing, as described in this Order.

**IT IS SO ORDERED.**

**Dated this 4th day of April, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**